RENDERED: OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1314-MR

DARCA COLLIER                                                        APPELLANT

APPEAL FROM BARREN CIRCUIT COURT
v.          HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 19-CR-00592

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Darca Collier appeals from a Barren Circuit Court

order which denied her motion to suppress. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On June 4, 2019, a person who identified himself as Jason from the

Park City Fire Department called the Cave City Police Department dispatch. He

indicated he had been following a truck that was driving erratically and that the driver might be driving under the influence. The caller described the truck as being white with a silver toolbox in the back. The caller also gave a partial license plate number. The caller relayed the direction the truck was traveling in and that he followed it to a parking lot of an abandoned liquor store.

Officer Tyler Maxey was informed of the situation and responded to the parking lot to investigate. When he arrived, the white truck was parked and not moving. Officer Maxey parked his police vehicle behind the truck and approached the vehicle. He made contact with the driver of the truck, which was Appellant, and informed her that he was investigating a possible driving under the influence complaint. Appellant stated to Officer Maxey that she was not under the influence, but that she had had an argument with her boyfriend and was very upset. Officer Maxey testified that she was visibly upset. Officer Maxey then requested to see Appellant's driver's license. As Appellant reached into her purse to retrieve her license, Officer Maxey saw a bag of suspected methamphetamine in her purse. Officer Maxey then placed Appellant under arrest. A subsequent search of the vehicle uncovered another bag of methamphetamine and a piece of glass with burn marks on it indicating it was used to smoke methamphetamine.

Appellant was charged with possession of a controlled substance, first offense,[1] and possession of drug paraphernalia.[2]  Appellant filed a motion to suppress the evidence collected.  Appellant argued that there was no reasonable suspicion that criminal activity was afoot to justify an investigatory stop.  A hearing was held on July 9, 2020, and Officer Maxey testified as to what occurred during his interaction with Appellant.  On July 30, 2020, the trial court entered an order finding that the encounter between Appellant and Officer Maxey was a consensual encounter and not an investigatory stop.  Appellant pleaded guilty to both charges, but reserved her right to appeal the suppression issue.  This appeal followed.

## ANALYSIS

> Our standard of review of a circuit court's decision on a suppression motion following a hearing is twofold.  First, the factual findings of the court are conclusive if they are supported by substantial evidence.  The second prong involves a *de novo* review to determine whether the court's decision is correct as a matter of law.

*Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnotes and citations omitted).

> There are three types of interaction between police and citizens:  consensual encounters, temporary

---

[1] Kentucky Revised Statute (KRS) 218A.1415.

[2] KRS 218A.500(2).

detentions generally referred to as *Terry*[3] stops, and arrests. The protection against search and seizure provided by the Fourth Amendment to the United States Constitution applies only to the latter two types. Generally, under the Fourth Amendment, an official seizure of a person must be supported by probable cause, even if no formal arrest of the person is made. However, there are various narrow exceptions based on the extent and type of intrusion of personal liberty and the government interest involved. In the seminal case of *Terry v. Ohio*, the Supreme Court held that a brief investigative stop, detention and frisk for weapons short of a traditional arrest based on reasonable suspicion does not violate the Fourth Amendment. *Terry* recognized that as an initial matter, there must be a "seizure" before the protections of the Fourth Amendment requiring the lesser standard of reasonable suspicion are triggered. A police officer may approach a person, identify himself as a police officer and ask a few questions without implicating the Fourth Amendment. A "seizure" occurs when the police detain an individual under circumstances where a reasonable person would feel that he or she is not at liberty to leave.

*Baltimore v. Commonwealth*, 119 S.W.3d 532, 537 (Ky. App. 2003) (footnotes and citations omitted).

[A] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's

---

[3] *Terry v. Ohio*, 392 U.S. 1, 20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968).

request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.

*United States v. Mendenhall*, 446 U.S. 544, 554-55, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980) (footnote and citations omitted).

Here, the trial court held that the encounter between Officer Maxey and Appellant was consensual and there was no seizure. We agree. "Police officers are free to approach anyone in public areas for any reason[.] No *Terry* stop occurs when police officers engage a person . . . in conversation by asking questions. In Fourth Amendment jurisprudence, such conduct is characterized as a consensual encounter and is not itself a search or a seizure." *Commonwealth v. Garrett*, 585 S.W.3d 780, 790-91 (Ky. App. 2019) (internal quotation marks and citations omitted). In addition, "a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." *Id.* at 791-92 (citation omitted).

The trial court's findings of fact support the conclusion that this was a consensual encounter. Officer Maxey did not initiate a traffic stop, he simply pulled into a parking lot and parked behind a vehicle that was already stationary. While the officer's vehicle was blocking the rear of Appellant's truck, the front of her vehicle was not blocked or otherwise restricted from movement. Officer Maxey also did not turn on his police lights or siren. Officer Maxey then made contact with Appellant, briefly spoke to her, and asked to see her driver's license.

-5-

It was at this time that he observed the white powder he believed to be methamphetamine. Appellant was not seized until Officer Maxey placed her under arrest for possession of drugs. Furthermore, Appellant did not testify during the hearing so the trial court was unable to gauge her belief as to whether she thought she was free to leave the encounter with Officer Maxey.

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court. The encounter between Appellant and Officer Maxey was consensual and did not implicate Fourth Amendment jurisprudence. The trial court did not err in denying Appellant's motion to supress.


ALL CONCUR.


BRIEF FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky